## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| PRINCIPAL SECURITIES LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 19-cv-1198 |
| v. | ) |
| | ) **EQUITABLE RELIEF IS SOUGHT** |
| THE CINCINNATI INDEMNITY COMPANY, | ) |
| | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY

Plaintiff Principal Securities LLC ("Principal"), as and for its Complaint against Defendant The Cincinnati Indemnity Company ("Cincinnati Indemnity"), alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages and declaratory relief in connection with Cincinnati Indemnity's failure to pay amounts due under an insurance contract between Principal and Cincinnati Indemnity. Under the insurance policy between the parties, Cincinnati Indemnity agreed to insure covered property described in the policy against all risks of physical loss or damage, except as excluded in the policy.

2. Although Principal paid premiums for this insurance protection, and the policy constitutes a legally binding obligation, Cincinnati Indemnity has wrongly refused to pay amounts that are due and owing under the policy. Accordingly, Principal brings this action to recover the damages to which it is entitled as a result of Cincinnati Indemnity's breaches of contract. Principal also seeks declaratory relief with respect to Cincinnati Indemnity's current and future obligation under the policy.

**PARTIES**

3. Principal is an Illinois limited liability company. Each of Principal's members are citizens of Illinois and/or Wisconsin.

4. Cincinnati Indemnity is an Ohio corporation with its principal place of business in Fairfield, Ohio. Cincinnati Indemnity is an Ohio insurance company licensed to do business in Illinois.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that this dispute arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated in this district

**BACKGROUND**

7. Cincinnati Indemnity issued Commercial Property Insurance Policy No. ENP 041 62 49 to Principal, effective from December 17, 2016 to December 17, 2017 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit 1.

8. Principal paid all required premium under the Policy.

9. The Policy is an All-Risk Policy that covers any risk that the Policy does not explicitly exclude.

10. Under the terms of the Policy, Cincinnati Indemnity agreed to "pay for direct physical 'loss' to Covered Property at the 'premises' caused by or resulting from any Covered Cause of Loss."

11. The "Covered Property" at the "premises" includes Principal's building located at 222 NE Monroe Street, Peoria, Illinois 61602-1090 (the "Insured Building").

12. The Insured Building is a nine-story building and parking tower with commercial offices on the first floor, a six-floor parking tower on floors two though seven, and commercial offices on the top two floors.

13. The Policy states that "Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the 'loss' is:  **(1)** Excluded in **SECTION A. COVERAGE, 3. Covered Causes of Loss, b. Exclusions**; or **(2)** Limited in **SECTION A. COVERAGE, 3. Covered Causes of Loss, c. Limitations**; that follow."

14. On June 16, 2017, the ceiling in the northwest corner of the Level 4 parking garage and the floor of the Level 5 parking garage dropped downward approximately eight inches, causing substantial damage to the parking structure.

15. That damage prevented Principal from permitting cars to be parked in the impacted portions of the parking structure, and made it so that those portions of the parking structure could not be occupied for their intended purpose.

16. Principal immediately notified Cincinnati Indemnity of the incident and submitted a property claim under the Policy (the "Claim").

17. On July 19, 2017, Cincinnati Indemnity denied the Claim.

18. Based on a repair estimate, it will cost more than a million dollars to repair the damaged parking structure.

19. To date, Cincinnati Indemnity has maintained its Claim denial and has refused to pay the Claim.

## CAUSES OF ACTION

### COUNT I
### (Breach of Insurance Contract)

20. Principal re-alleges and incorporates by reference paragraphs 1-19 above.

21. The Policy is a valid and enforceable contract between Cincinnati Indemnity and Principal.

22. Principal fully performed all of its obligations under the Policy, including paying all required premium and satisfying any conditions precedent to coverage.

23. The Insured Property is "Covered Property" under the Policy.

24. The June 16, 2017 incident that damaged the Insured Property's parking structure is a "Covered Cause of Loss" under the Policy and does not fall within any "Exclusion" or "Limitation" in the Policy.

25. Cincinnati Indemnity has breached its obligations under the Policy by denying the Claim and refusing to provide coverage to Principal under the Policy for the damage caused to the Insured Building's parking structure.

26. Cincinnati Indemnity's breach has resulted in damage to Principal in excess of one million dollars.

### COUNT II
### (Declaratory Judgment)

27. Principal re-alleges and incorporates by reference paragraphs 1-26 above.

28. An actual and legal controversy exists between the parties regarding whether: (1) the Claim is covered by the Policy; (2) Cincinnati Indemnity has breached the Policy; and (3) Cincinnati Indemnity must pay the Claim.

29. A judicial declaration is necessary and appropriate so that Principal may ascertain its rights regarding the Policy and the Claim.

30.     Principal is entitled to a declaration, under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, that: (1) the Claim is covered by the Policy; (2) Cincinnati Indemnity has breached the Policy; and (3) Cincinnati Indemnity must pay the Claim.

## PRAYER FOR RELIEF

WHEREFORE, Principal prays for:

(1)     Judgment in Principal's favor against Cincinnati Indemnity on Counts I and II;

(2)     A declaration that: (1) the Claim is covered by the Policy; (2) Cincinnati Indemnity has breached the Policy; and (3) Cincinnati Indemnity must pay the Claim;

(3)     Compensatory damages in an amount to be determined at trial;

(4)     Pre- and post-judgment interest; and

(5)     Such other relief as the interests of justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 13, 2019                        Respectfully submitted,

**PRINCIPAL SECURITIES LLC**

s/Andrew D. Shapiro
By One of Its Attorneys

Andrew D. Shapiro (Lead Counsel)
**PORTER WRIGHT MORRIS & ARTHUR LLP**
321 N. Clark Street, Suite 400
Chicago, Illinois 60654
Phone:  (312) 756-8500
Facsimile:  (312) 873-4373
ashapiro@porterwright.com