UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PEORIA PROPERTY INVESTMENTS LLC, | ) ) ) |
| Plaintiff/Counterdefendant, | ) ) |
| v. | ) ) Case No. 19-cv-1198-JES-JEH |
| THE CINCINNATI INDEMNITY COMPANY, | ) ) ) ) |
| Defendant/Counterclaimant. | ) ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant/Counterclaimant The Cincinnati Indemnity Company's Motion for Clarification or in the Alternative Motion for Reconsideration (D. 32 [1]) and supporting memorandum (D. 33). Plaintiff/Counterdefendant Peoria Property Investments LLC filed a response in opposition (D. 36). For the reasons set forth below, Defendant's Motion for Clarification is GRANTED and Defendant's Motion for Reconsideration is DENIED.

### BACKGROUND

This action stems from an insurance coverage dispute between Plaintiff/Counterdefendant Peoria Property Investments ("Peoria") and Defendant/Counterclaimant The Cincinnati Indemnity Co. ("Cincinnati"). The coverage dispute involved a commercial property insurance policy (the "Policy") purchased by Peoria from Cincinnati for a nine-story building that consists of commercial offices and a six-floor parking tower (the "Property"). D. 4, at 2-3.

The Policy issued by Cincinnati covers loss resulting from a collapse if the collapse was

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

caused by decay that was hidden from view, unless Peoria knew of the decay or should reasonably have known of it. D. 4-1, at 35. The Policy defines collapse as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." *Id.*

After reports of a "large boom" and concurrent shaking of the building, an inspection revealed the ceiling in the northwest corner of the fourth level and the corresponding floor of the fifth level of the parking structure had displaced downward approximately eight inches. D. 4, at 3. As a result, Peoria could not permit vehicles to park in the impacted portions of the parking deck. *Id.* Peoria submitted a claim to Cincinnati for damage to the parking structure. D. 11, at 6.

Cincinnati retained Engineering Systems, Inc. ("ESI") to inspect and evaluate the Property. D. 11, at 6. ESI recommended the installation of a chain link fence to prevent any vehicles from inadvertently entering the displaced area; the installation of a complete shoring system to support the displaced slab; the development of a plan to demolish and replace the displaced slab; and the development of a maintenance plan for future repairs. D. 8-1, at 6.

After Cincinnati denied the claim, Peoria filed this action alleging Cincinnati breached the insurance contract and seeking a declaration that Cincinnati owes coverage under the Policy. D. 4, at 1. Cincinnati filed an Answer and Counterclaim, followed by a Motion for Judgment on the Pleadings. D. 8, 14. Cincinnati sought a declaration by the Court that it owed no duty to cover the loss in Peoria's claim. D. 14. The Court denied Cincinnati's Motion on January 31, 2020. D. 27. In its Order, the Court found a portion of the Property had collapsed as defined by the Policy; however, there remained a material question of whether Peoria knew of or reasonably should have known of the decay that led to the collapse.

Cincinnati now moves for clarification of the Court's Order denying the Motion or in the

alternative, for reconsideration. D. 32. Cincinnati mistakenly claims the Court held a building, or any portion thereof, must be "impossible to occupy" in order to be considered collapsed under the Policy. D. 33, at 3. Cincinnati claims it is a disputed fact whether the parking garage could be used for its intended purpose and that Cincinnati lacked sufficient information to form a belief on whether vehicles were permitted to park in the affected portions. *Id.* Cincinnati claims confusion on whether the Court ruled the parking garage was "impossible to occupy" and to the extent that the Court did make such a ruling, Cincinnati seeks reconsideration. *Id.* at 4.

Peoria accuses Cincinnati of attempting to delay litigation by claiming there is a factual dispute about whether the displaced portion of the parking structure could be used for its intended purpose. D. 36, at 2. Peoria contends Cincinnati waived this argument by failing to raise it in the Motion for Judgment on the Pleadings. *Id.* Additionally, Peoria argues Cincinnati's purported lack of knowledge is contradicted by the ESI report, which Cincinnati attached as an exhibit to its Answer and Counterclaim. *Id.*

## LEGAL STANDARD

When reviewing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the non-movant. *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). When a movant is attempting to dispose of a case on the merits through a motion for judgment on the pleadings, it is appropriate to apply the same standards as if it were a motion for summary judgment. *Mid-Century Ins. Co. v. Pizza by Marchelloni*, 2018 U.S. Dist. LEXIS 78859 *2, 2018 WL 2158758 (C.D. Ill. 2018) (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)). As such, judgment on the pleadings may only be

granted if the pleadings disclose no genuine issue of material fact and the movant is entitled judgment as a matter of law. *Mid-Century*, 2018 U.S. Dist. LEXIS 78859 *2.

A motion to reconsider is appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011).

## DISCUSSION

First, the Court will address Cincinnati's Motion for Clarification. In its Order denying Cincinnati's Motion for Judgment on the Pleadings, the Court analyzed the relevant portions of the Policy to determine whether the eight-inch downward displacement of a portion of the parking structure constituted a collapse under the Policy. D. 27. The Policy defined collapse as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." *Id.* at 8. The Court found a collapse under the Policy included something less than a complete falling down. *Id.* at 9. In applying the alleged facts to the Policy language, the Court was careful to limit its discussion to the portion of the Property that had displaced downward some eight inches. ("Here, the evidence suggests a portion of the Property abruptly caved in . . ." D. 27, at 9) ("That portion of the Property has clearly been undermined . . ." *Id.*) ("Peoria has made a *prima facie* case that a portion of the Property collapsed when it abruptly caved in." *Id.*).

The Court must emphasize that it did not make a finding on whether the parking garage or any portion of it could be occupied for its intended purpose. Motions made under Rule 12(c) require the Court to take all facts alleged in the complaint as true and draw all reasonable

inferences in favor of the non-movant. *Matrix*, 649 F.3d at 547. When Cincinnati filed its Motion for Judgment on the Pleadings under Rule 12(c), it asserted there was no genuine issue of material fact and sought a declaration that Cincinnati did not have to provide coverage "based on [Peoria's] admissions and the plain language of the Policy." D. 14 at 1. The Amended Complaint stated vehicles were not permitted to park "in the impacted portions of the parking structure" and "those portions of the parking structure could not be occupied for their intended purpose." D. 4, at 3. Cincinnati now claims the Court "impermissibly decided disputed issues of fact"; however, Cincinnati's Motion for Judgment on the Pleadings required the Court to assume the facts in the Complaint were true.

Turning now to the Motion for Reconsideration, Cincinnati argues for the first time that it was disputed whether "[t]he damage prevented [Peoria] from permitting cars to be parked in the impacted portions of the parking structure, and made it so that those portions of the parking structure could not be occupied for their intended purpose" because Cincinnati answered it lacked knowledge or information sufficient to form a belief as to this claim. D. 33, at 3. Putting aside the legal standard for evaluating motions made under Rule 12(c), this argument is at odds with Cincinnati's own exhibit attached to its pleading.

Written instruments included as exhibits to a pleading are considered part of that pleading for all purposes. Fed. R. Civ. P. 10(c). Cincinnati retained ESI to inspect the Property and attached ESI's report to its Answer and Counterclaim. The ESI report confirms the impacted portion of the parking structure could not be used for its intended purpose after it abruptly caved in. The ESI report contains pictures of the impacted area and one can clearly see what appears to be caution tape around the area. D. 8-1, at 4. ESI recommended installing a chain-link fence to prevent anyone from inadvertently parking in that area until the displaced slab could eventually

be demolished and replaced. *Id.* at 6. Cincinnati does not present any other intended use of the parking garage other than to provide an area for vehicles to park, nor does Cincinnati suggest vehicles could still park in the impacted portion of the Property. Furthermore, Cincinnati does not provide a reason why the Court should have disregarded the ESI report as evidence that the impacted portion of the parking garage could not be occupied for its intended purpose.

A motion to reconsider is not to be used "to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citations omitted). Arguments raised for the first time in a motion to reconsider are deemed waived. *Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017). Here, Cincinnati does not cite any legal authority or basis for reconsideration. Instead, Cincinnati presents the argument for the first time that it is disputed whether the impacted portion of the Property could be used for its intended purpose. D. 33, at 4. For these reasons, the Motion for Reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Defendant/Counterclaimant The Cincinnati Indemnity Company's Motion for Clarification is GRANTED and the Alternative Motion for Reconsideration is DENIED.

Signed on this 8th day of May, 2020.

s/James E. Shadid
James E. Shadid
United States District Judge
