UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PEORIA PROPERTY INVESTMENTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE CINCINNATI INDEMNITY COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 19-cv-1198-JES-JEH |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Peoria Property Investments LLC's Objection (Doc. 64) to Magistrate Judge's June 2, 2020 Order, which is essentially an appeal of the Magistrate Judge's Order, and Defendant The Cincinnati Indemnity Company's Response (Doc. 69) thereto. For the reasons set forth below, Plaintiff's Objection is DENIED, and the Magistrate Judge's June 2, 2020 Order is AFFIRMED.

### BACKGROUND

On March 10, 2020, Plaintiff Peoria Property Investments LLC ("Peoria") served its second set of discovery requests to Defendant The Cincinnati Indemnity Company ("Cincinnati"). Doc. 64, at 3. Peoria sought, among other things, the following information and documents as related to its bad faith claim: (1) claims handling policies, procedures, guidelines, and training manuals; (2) complaints of improper claims practices made to the Illinois Department of Insurance; (3) Section 155 assessments by Illinois courts; and (4) Illinois lawsuits alleging failure to pay a commercial property loss. *Id.* at 3-4. Cincinnati objected to those four requests. *Id.* Peoria subsequently filed a Motion to Compel. Doc. 54.

On June 2, 2020, Magistrate Judge Hawley heard oral argument, and partially denied Peoria's Motion. *See generally* Doc. 60 (transcript of hearing). The parties discussed *Zagorski v. Allstate Ins. Co.*, 54 N.E. 3d 296 (Ill. App. Ct. 5th Dist. 2016), which involved a motion to compel for substantially similar discovery requests as the instant case. The parties disagreed as to whether the Court should follow *Zagorski*. After hearing argument, the Court stated *Zagorski* was not binding precedent, nor was it persuasive because the reasoning in that case was not a well-entrenched principle in Illinois law. *Id.* at 29. Applying the Federal Rules of Civil Procedure, the Court found the discovery Peoria sought as it related to other claims was not relevant to Plaintiff's bad faith claim in this case. *Id.* at 31. The Court, however, did order Cincinnati to provide "all manuals, guidelines, and policies … for the handling of commercial property loss claims in effect from June 16, 2017 to the present" within 21 days. *Id.* at 34, 38.

## LEGAL STANDARD

The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard is highly deferential, permitting reversal of the magistrate judge's ruling only if "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## DISCUSSION

In diversity cases, the *Erie* doctrine requires federal courts to "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). The June 2, 2020 ruling by Magistrate Judge Hawley concerned a non-dispositive, pretrial dispute over the scope of a discovery request. Discovery is a procedural

issue and thus, the Federal Rules of Civil Procedure and federal discovery standards apply. *Hanna*, 380 U.S. at 472-74; *Houben v. Telular Corp.*, 309 F.3d 1028, 1033 (7th Cir. 2002). "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Magistrate Judge Hawley reviewed Peoria's discovery request under Rule 26(b), which governs the scope and limits of discovery, and applied a totality of the circumstances test. Doc. 60, at 14. The Magistrate Judge articulated his reasoning why *Zagorski* was unpersuasive and provided a non-exhaustive set of factors he considered to determine whether the information sought is relevant and proportional to the instant case. *Id.* at 29. Applying the federal rules, the Magistrate Judge determined that evidence of how Cincinnati handled other claims will not assist the fact finder in this case. *Id.* at 31. Specifically, the Court concurs with the determination that "whether or not [Cincinnati] denied claims improperly in other instances … isn't going to change the conclusion as to whether or not the conduct in this case was vexatious and unreasonable." *Id.* at 31-32. Peoria's Objection to the Magistrate Judge's Order provides no authoritative caselaw as to how the ruling was clearly erroneous or contrary to federal law. Under this highly deferential standard, the Court finds no reason to modify or set aside the Magistrate Judge's June 2, 2020 Order. As such, Peoria's Objection under Rule 72(a) is overruled.

## CONCLUSION

For the reasons set forth above, Plaintiff's Objection [64] is DENIED, and the Magistrate Judge's Order on June 2, 2020 is AFFIRMED.

Signed on this 9th day of July, 2020.

s/James E. Shadid_____
James E. Shadid
United States District Judge
