IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| PEORIA PROPERTY INVESTMENTS LLC f/k/a Principal Securities, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 19-cv-1198 |
| THE CINCINNATI INDEMNITY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant/Counter-plaintiff The Cincinnati Indemnity Company's (Cincinnati) Motion to Compel the Inspection of the Insured Property (d/e 74) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

Plaintiff/Counter-defendant Peoria Property Investments f/k/a Principal Securities LLC (Peoria) owns a parking garage (Garage). Cincinnati issued an insurance policy that provided coverage for losses due to a collapse of the Garage. On June 16, 2017, a corner of the fifth floor of the Garage collapsed (the Collapse). Peoria brought this action when

Cincinnati denied Peoria's claim for the cost to repair the Collapse. The cost of repair exceeded $1,000,000.00. The District Court has determined at summary judgment that the Collapse was caused by decay. At issue is "whether the decay that caused the collapse was hidden from view, and whether Peoria knew of the decay or should reasonably have known of it." Opinion and Order entered January 31, 2020 (d/e 27), at 11.

On July 12, 2017, Cincinnati's consulting engineering August Domel, Ph.D., P.E., S.E., of the firm Engineering Systems, Inc. (ESI), inspected the Garage. Domel issued a report on his inspection of the Garage and the Collapse. The Cincinnati Indemnity Company's Answer to Plaintiff's Amended Complaint Affirmative Defenses and Counterclaim (d/e 8), Exhibit A, ESI Investigative Report dated July 17, 2017 (Report). Cincinnati listed Domel as a fact witness on its Rule 26(a) initial disclosures. Plaintiff's Opposition to Defendant's Motion to Compel Inspection of the Insured Property (d/e 76), Exhibit 2, Cincinnati Initial Disclosures, at 1.

Cincinnati has now retained Domel as an expert witness and has requested that Peoria make the Garage available to Domel for inspection in order to prepare his expert report. Peoria objects to Domel's reinspection of the Garage until after Peoria has deposed Domel as a fact witness during fact discovery. Peoria further objects to allowing Domel to reinspect

the entire Garage.  Peoria argues that Domel should only be allowed to reinspect the location of the Collapse.

This Court has broad discretion to determine the sequence and scope of discovery.  See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 26(b).  In this case, the Court agrees that Domel's reinspection of the Garage should occur after he is deposed as a fact witness during fact discovery.  Cincinnati listed Domel as a fact witness.  Domel already inspected the Garage and issued the Report.  Peoria should be allowed to discover the factual information that Domel knew at the relevant time as a fact witness.  A reinspection could change Domel's deposition testimony with information that he gleaned from the second inspection.  Such deposition testimony would not reflect his knowledge of the Garage and the Collapse at the time that he issued the Report.  The inspection therefore should follow the fact discovery deposition.

Cincinnati, however, is entitled to use Domel as an expert witness.  As such, the Court agrees that he should be entitled to inspect the entire Garage.  Cincinnati must show that Peoria should have known of the decay that caused the Collapse.  The overall condition of the entire Garage may be relevant to that issue.  The Court agrees with Peoria that an inspection three years after the Collapse may be of limited utility, but the cost to

Peoria is minimal and the more than $1,000,000.00 at issue is substantial. A reinspection, therefore, is proportionate to the needs of the case. Fed. R. Civ. P. 26(b). Domel may thereafter issue his expert report and Peoria may depose him again as an expert witness during the expert discovery phase.

THEREFORE, IT IS ORDERED that The Cincinnati Indemnity Company's Motion to Compel the Inspection of the Insured Property (d/e 74) is ALLOWED in part. Defendant/Counter-plaintiff's expert witness August Domel shall be entitled to inspect the entire Garage at issue after Plaintiff/Counter-defendant Peoria Property Investments f/k/a Principal Securities LLC deposes Domel as a fact witness during fact discovery.

ENTER:  August 4, 2020

                               *s/ Tom Schanzle-Haskins*
                               TOM SCHANZLE-HASKINS
                               UNITED STATES MAGISTRATE JUDGE